LAW OFFICES OF TIMOTHY L. MCCANDLESS
Timothy L. McCandless, Esq., SBN 147715
26875 Calle Hermosa, Suite A
Capistrano Beach, California 92624

Telephone:      (925) 957-9797 / (949) 388-7779
Facsimile:      (925) 957-9799
E-mail:         legal@prodefenders.com
                legalsync@gmail.com

*Attorneys for Plaintiff(s)*: Mark Anthony Mendaros

# UNITED STATES BANKRUPTCY COURT

## NORTHER DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK ANTHONY MENDAROS,<br><br>Plaintiff(s),<br><br>VS.<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; SELECT PORTFOLIO SERVICING, INC.; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR REGISTERED HOLDERS OF LONG BEACH MORTGAGE LOAN TRUST 2006-11 ASSET-BACKED CERTIFICATES, SERIES 2006-11; JAMES E. ALBERTELLI, PA DBA ALAW; and DOES 1 through 50, Inclusive,<br><br>Defendant(s). | Case No.: 3:16-cv-06092-HSG<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT JPMORGAN CHASE BANK, NATIONAL ASSOCIATION'S MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing's:<br>Date  :            December 29, 2016<br>Time :             02:00 p.m.<br>Courtroom :        10, 19th Floor<br>Judge:             Hon. Haywood S Gilliam, Jr<br>Location:          450 Golden Gate Avenue<br>                   San Francisco, California 94102<br><br>Complaint Filed:          September 12, 2016<br>Removed to Federal Court:  October 12, 2016<br>Trial Date:               Not Assigned |

COMES NOW Plaintiff, MARK ANTHONY MENDAROS, (hereinafter "Plaintiff")

respectfully submits this Opposition to the Motion to Dismiss Complaint by Defendant

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, (hereinafter "JPMORGAN"),

**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** on the grounds that

Plaintiff has properly plead essential facts and/or valid legal theories to state a claim upon which

LAW OFFICES OF TIMOTHY L. MCCANDLESS
226875 Calle Hermosa, Suite A
Capistrano Beach, California 92624
Telephone (925) 957-9797 / (949) 388-7779
Facsimile (925) 957-9799

relief can be granted against Defendants in compliance with the Federal Rules of Civil Procedure Rule 12 (b)(6).

The Opposition shall be based on this Opposition, the attached Memorandum of Points and Authorities, on the complete files and records of this action, and on such other evidence as may be presented at the hearing on the Motion.

Respectfully submitted,

DATED: November 22, 2016          LAW OFFICES OF TIMOTHY L. MCCANDLESS


/s/ *Timothy L. McCandless*
Timothy L. McCandless, Esq.
*Attorney for Plaintiff(s)*: Mark Anthony Mendaros

LAW OFFICES OF TIMOTHY L. MCCANDLESS
22675 Calle Hermosa, Suite A
Capistrano Beach, California 92624
Telephone (925) 957-9797 / (949) 388-7779
Facsimile (925) 957-9799

**TABLE OF CONTENTS**          **Page**

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 1

I.       **INTRODUCTION** ........................................................................ 1

II.     **ARGUMENT** ................................................................ 5

      A. PLAINTIFF'S COMPLAINT PROPERLY STATES
      CAUSES OF ACTION AGAINST DEFENDANTS AND
      THE COURT SHOULD DENY THE INSTANT MOTION
      TO DISMISS........................................................................ 5 - 6

      B. PLAINTIFF CAN CHALLENGE THE FORECLOSURE
      PROCESS WITHOUT HAVING TENDERED THE FULL
      AMOUNT DUE AND OWING UNDER THE LOAN........................................ 6 - 7

      C. THE APPLICATION OF JUDICIAL ESTOPPEL REQUIRES
      FINDING OF BAD FAITH INTENT .......................................... 7 - 8

      D. PLAINTIFF'S CLAIMS WERE INADVERTENTLY OMITTED
      FROM PLAINTIFF'S BANKRUPTCY SCHEDULES DUE TO
      PLAINTIFF'S GOOF FAITH MISTAKE AND LACK OF
      KNOWLEDGE OF CLAIMS.................................................. 9

      E. PLAINTIFF HAS SUFFICIENTLY STATED CLAIM FOR
      LACK OF STANDING......................................................... 9 - 10

      F. THE HOMEOWNERS BILL OF RIGHTS (OR "HBOR")
      GRANTS STANDING TO BORROWER TO CHALLENGE
      AN INVALID ASSIGNMENT OF HIS LOAN........................... 10 - 11

      G. CLEAR LANGUAGE IN THE DOT GIVES BORROWER
      STANDING TO CHALLENGE THE POWER OF PARTY TO
      FORECLOSE........................................................................ 11 - 12

      H. PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT IS PROPER...... 13 - 14

      I. PLAINTIFF'S CLAIM FOR WRONGFULL FORECLOSURE IS
      PROPER........................................................................ 14 - 16

      J. PLAINTIFF'S FRAUD CLAIM, CALIM FOR INTENTIONAL
      INFLICTION OF EMOTIONAL DISTRESS ARE PROPER....................... 16 - 17

      K. PLAINTIFF'S CALIM FOR VIOLATION OF BUS. & PROF.
      CODE SECTION 17200 IS PROPER................................... 17 - 18

      L. PLAINTIFF'S CALIMS FOR SLENDER OF TITLE AND QUIT
      TITLE ARE PROPER........................................................ 18 - 19

III.    **CONCLUSION**.................................................... 19 - 20

LAW OFFICES OF TIMOTHY L. MCCANDLESS
26875 Calle Hermosa, Suite A
Capistrano Beach, California 92624
Telephone (925) 957-9797 / (949) 388-7779
Facsimile (925) 957-9799

1

**TABLE OF AUTHORITIES**

2

**COURT CASES**

3

*Arnolds Mgmt. Corp. v. Eischen,*
(1984) 158 Cal.App.3d 575, 578.................................................................................. 6

4

*Ah Quin v. Cnty. of Kauai Dep't of Tramp.,*
733 F.3d 267, 276 (9th Cir. 2013)............................................................................... 8

5

6

*Bank of America Nat. Assn. v. Bassman FBT, LLC, supra,*
981 N.E.2d at pp. 7-8................................................................................................... 10

7

*Bank of the West v. Superior Court,*
(1992) 2 Cal.4th 1254, 1267....................................................................................... 18

8

9

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)...................................................................................................... 5

10

*Cook, Perkiss & Liehe, Inc. v. N. Cal Collection Serv. Inc.,*
911 F.2d 242, 246-47 (9th Cir. 1990).......................................................................... 5

11

*Coastal Plains, Inc.,*
179 F.3d 197 (5th Cir. 1999)........................................................................................ 7

12

13

*Cloud v. Northrop Grumman Corp.,*
67 Cal. App. 4th 995, 1019 (1998).......................................................................... 8, 9

14

*Culhane, supra,*
708 F.3d at pp. 289–291............................................................................................... 9

15

16

*Daugherty v. American Honda Motor Co., Inc.,*
(2006) 144 Cal. App. 4th 824, 837............................................................................ 17

17

*Dernier v. Mortgage Network, Inc.,*
(Vt. 2013) 87 A.3d 465, 473...................................................................................... 10

18

19

*De Leonis v. Hammel,*
(1905) 1 Cal.App. 390................................................................................................ 19

20

*Dicampli-Mintz v. County of Santa Clara,*
(2012) 55 Cal.4th 983, 992........................................................................................ 11

21

22

*Espinosa v. Little Co. of Mary Hospital,*
(1995) 31 Cal.App.4th 1304, 1314............................................................................ 14

23

*Fontenot v. Wells Fargo Bank, N.A.,*
(2011) 198 Cal.App.4th 256, 272.............................................................................. 12

24

25

*Gomes v. Countrywide Home Loans, Inc.,*
(2011) 192 Cal App. 4th 1149................................................................................. 9, 10

26

*Glaski v. Bank of America, N.A.,*
(Cal.Ct.App. 2013) 218 Cal.App.4th 1079........................................................ 3, 10, 12

27

28

LAW OFFICES OF TIMOTHY L. McCANDLESS
26875 Calle Hermosa, Suite A
Capistrano Beach, California 92624
Telephone (925) 957-9797 / (949) 388-7779
Facsimile (925) 957-9799

*Haley v. Dow Lewis Motors, Inc.*,
72 Cal. App. 4th 497, 509, (1999).......................................................................7, 8

*Herrera v. Deutsche Bank National Trust Co.*,
(2011) 196 Cal.App.4th 1366, 1375.......................................................................3

*International Engine Parts, Inc. v. Feddersen & Co.*,
(1998) 64 Cal.App.4th 345.......................................................................8

*Javaheri v. JPMorgan Chase Bank, N.A.*,
(C.D. Cal. June 11, 2011) 2011 U.S. Dist. LEXIS 62152.......................................................................6, 7

*Jenkins v. JP Morgan Chase Bank, N.A.*,
(2013) 216 Cal.App.4th 497, 515.......................................................................9, 11, 12

*Johnson v. HSBC Bank USA, et al.*,
3:11-cv-2091-JM-WVG, S.D.Cal., Docket #22.......................................................................3

*Johnson v. Oregon Dept. of Human Resources*,
141 F.3d 1361, 1369 (9th Cir.1998).......................................................................8

*Kruse v. Bank of America*,
(1988) 202 Cal.App.3d 38, 67.......................................................................17

*Kwikset Corp. v. Superior Court*,
(2011) 51 Cal.4th 310, 322.......................................................................18

*Lona v. Citibank, N.A.*,
(2011) 202 Cal.App.4th 89.......................................................................6

*Marby v. Superior Court*,
(2010) 185 Cal.App.4th 208, 210.......................................................................15

*Miller v. Homecomings Financial, LLC, supra*,
881 F.Supp.2d at pp. 831–832.......................................................................9, 10

*Mruk v. Mortgage Elec. Registration Sys., Inc., supra*,
82 A.3d at pp. 534–536.......................................................................10

*Molko v. Holy Spirit Ass'n*,
(1988) 46 Cal.3d 1092, 1122.......................................................................17

*Newby v. Alto Riviera Apartments*,
(1976) 60 Cal.App.3d 288, 298.......................................................................17

*Newport v. Hatton*,
(1925) 195 Cal. 132, 145.......................................................................20

*NL Indus., Inc. v. Kaplan*,
792 F.2d 896, 898 (9th Cir. 1986).......................................................................5

*Onofrio v. Rice*,
(1997) 55 Cal.App.4th 413.......................................................................6

*///*

LAW OFFICES OF TIMOTHY L. McCANDLESS
26875 Calle Hermosa, Suite A
Capistrano Beach, California 92624
Telephone (925) 957-9797 / (949) 388-7779
Facsimile (925) 957-9799

*Outdoor Media Group, Inc. v. City of Beaumont*,
506 F.3d 895, 899 (9th Cir. 2007)..................................................................................... 5

*People v. Cook*,
(1997) 16 Cal.4th 1210, 1215 .......................................................................................... 11

*Pike v. Deutsche Bank Nat. Trust Co.*,
(N.H. 2015) 121 A.3d 279, 281 ....................................................................................... 10

*Pineda v. Williams-Sonoma Stores, Inc.*,
(2011) 51 Cal.4th 524, 530 .............................................................................................. 11

*Reddy v. Litton Indus., Inc.*,
912 F.2d 291, 296 (9th Cir. 1990) ..................................................................................... 6

*Reinagel, supra*,
735 F.3d at pp. 224–225 ..................................................................................................... 9

*Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*,
81 F.3d 355, 365 (3d Cir. 1996) ....................................................................................... 8

*Saunders v. Superior Court*,
(1994) 27 Cal. App. 4th 832, 838-39 .............................................................................. 17

*Sanchez-Correa v. Bank of America*,
(1985) 38 Cal.3d 892, 908-909 ....................................................................................... 17

*Siquieros v. Federal Nat. Mortg. Ass'n*,
(C.D. Cal. June 27, 2014) 2014 WL 3015734, at *4 ....................................................... 14

*Swartz v. KPMG LLP*,
476 F.3d 756, 763 (9th Cir. 2007) ..................................................................................... 5

*US Ecology, Inc. v. State*,
(2005) 129 Cal.App.4th 887, 909 .................................................................................... 14

*Vogan v. Wells Fargo Bank, N.A.*,
2011 WL5826016 (E.D. Cal 2011) ................................................................................... 3

*Vu v. California Commerce Club, Inc.*,
(1997) 58 Cal.App.4th 229, 233 ...................................................................................... 13

*Warren v. Merrill*,
(2006) 143 Cal.App.4th 96 .............................................................................................. 18

*Wilson v. HSBC Mortgage Servs., Inc., supra*,
744 F.3d at p. 9 .................................................................................................................. 9

*Woods v. Wells Fargo Bank, N.A.*,
(1st Cir. 2013) 733 F.3d 349, 354 ..................................................................................... 9

*Ziolkowski vs. HSBC Mortgage Services*,
case no. 34-2011-0009566-CU-OR-GDS ......................................................................... 7

LAW OFFICES OF TIMOTHY L. McCANDLESS
26875 Calle Hermosa, Suite A
Capistrano Beach, California 92624
Telephone (925) 957-9797 / (949) 388-7779
Facsimile (925) 957-9799

**STATUTES**

Cal. Bus. & Prof. Code §17200..................................................................................... 5, 17, 18

Cal. Civ. Code § 2923.5................................................................................................. 5, 14, 15, 18

Cal. Civ. Code § 2923.5(2)............................................................................................ 15

Cal. Civ. Code § 2923.55.............................................................................................. 4, 11

Cal. Civ. Code § 2924................................................................................................... 5, 11, 12

Cal. Civ. Code § 2924(a).............................................................................................. 11

Cal. Civ. Code § 2924(a)(6).......................................................................................... 10, 11

Cal. Civ. Code § 2924.17.............................................................................................. 11

Cal. Civ. Code § 2924.17(b).......................................................................................... 11

Cal. Civ. Code § 2932.5................................................................................................ 5

Cal. Civ. Code §2937.................................................................................................... 5, 14, 16

Cal. Civ. Code §3513.................................................................................................... 13

Code Civ. Proc. §760.020(a)......................................................................................... 18

**FEDERAL RULES**

Federal Rules of Civil Procedure, Rule 8(a)(2)............................................................ 5

Federal Rules of Civil Procedure, Rule 12(b)(6)......................................................... 5

LAW OFFICES OF TIMOTHY L. MCCANDLESS
26875 Calle Hermosa, Suite A
Capistrano Beach, California 92624
Telephone (925) 957-9797 / (949) 388-7779
Facsimile (925) 957-9799

LAW OFFICES OF TIMOTHY L. MCCANDLESS
22675 Calle Hermosa, Suite A
Capistrano Beach, California 92624
Telephone (925) 957-9797 / (949) 388-7779
Facsimile (925) 957-9799

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   <u>INTRODUCTION</u>

The lawsuit challenges the legality of what transpired between the Plaintiff and his *Original Lender* FIRST ALLIED FUNDING, ("FIRST ALLIED")[1]; *Loan Servicers* LONG BEACH MORTGAGE COMPANY subsidiary of WASHINGTON MUTUAL BANK ("WAMU")[2] and Defendants, handling of Plaintiff's loan/mortgage file.

On or about October 16, 2006, (hereinafter referred to as "Closing Date") Plaintiff entered into a consumer credit transaction with FIRST ALLIED by obtaining a $1,040,000.00 mortgage loan secured by the Property.  This NOTE was secured by a First Trust Deed on the Property in favor of FIRST ALLIED.

The terms of the finance transaction, the Plaintiff entered into with the FIRST ALLIED were not clear or conspicuous, consistent and are illegal, violating several statutes and in essence creating an illegal loan.  Further, like other loan of this type, this mortgage was underwritten without proper due diligence by the FIRST ALLIED.

The purpose of entering into the above-described mortgage loan transactions was for Plaintiff to eventually own the Property.  That purpose was knowingly and intentionally thwarted and indeed made impossible by Defendants' actions alleged in the Complaint.

Defendant's memorandum of points and authorities in support of their Motion to Dismiss the Complaint ("MTD") is replete with the mistakes; allegations; false, conclusory and misleading statements; hearsay; citing statutes and cases that are inapposite and/or unrelated to the arguments made and most not relevant or binding authority in the instant case.

This is not a "***holder of the note***" case; or a "***failed securitization***" case, how is portrayed

---

[1] First Allied Funding, California Corporation is no longer active.

[2] Plaintiff's loan beneficiary and servicer was Long Beach Mortgage Company, subsidiary of Washington Mutual Bank, FA ("WAMU").  Long Beach was one of the nation's leading wholesale subprime lenders, originating, purchasing, and selling subprime residential mortgages and home equity loans.  As part of its business plan, Long Beach required little or no documentation from borrowers or allowed alternate forms of documentation that could be faked.  WAMU and its Long Beach subprime-lending unit rang up one of the worst failures in U.S. history. Left in the wake were billions of dollars of soured loans and questionable lending practices.  On Thursday, September 25, 2008, the United States Office of Thrift Supervision (OTS) seized Washington Mutual Bank from Washington Mutual, Inc., and placed it into the receivership of the Federal Deposit Insurance Corporation (FDIC). On same day the FDIC sold the banking subsidiaries to JPMorgan Chase Bank, National Association.

LAW OFFICES OF TIMOTHY L. MCCANDLESS
22675 Calle Hermosa, Suite A
Capistrano Beach, California 92624
Telephone (925) 957-9797 / (949) 388-7779
Facsimile (925) 957-9799

1  by Defendant.  Plaintiff is not concerned whether or not Defendants can show up to Court with

2  the Original Note.

3       Defendants created risky "mortgage pools," promising investors lucrative benefits, and

4  "managed risk through leverage and derivatives trading." They purportedly knew that the

5  mortgage pools contained loans that were at very high risk of default. Borrowers like

6  Plaintiff were allegedly "handcuffed" and required to accept these "dangerous products" because

7  Defendants imposed substantial early payment penalties if borrowers "tried to get out of the toxic

8  loans and replace them with more stable fixed rate products.

9       Plaintiff is informed and believes, and thereon alleges, that this loan was securitized, with

10 the Promissory Note ("Note") not being properly transferred to/from the Defendants and the

11 LONG BEACH MORTGAGE LOAN TRUST 2006-11.  Plaintiff is informed and believes, and

12 thereon alleges, that the purchase mortgage on the Property, the debt or obligation evidenced by

13 the Note and the Deed of Trust ("DOT") executed by Plaintiff in favor of the *Original Lender* and

14 other Defendants, regarding the Property, was not properly assigned and transferred to

15 Defendants operating the pooled mortgage funds or LONG BEACH MORTGAGE LOAN

16 TRUST 2006-11 in accordance with the Pooling and Servicing Agreement (hereinafter referred to

17 as "PSA")[3] governed by Delaware law, dated as of December 1, 2006, of the entities making and

18 receiving the purported assignments to this trust.

19      Plaintiff alleges that the PSA requires that each Note or DOT had to be endorsed and

20 assigned, respectively, to the LONG BEACH MORTGAGE LOAN TRUST 2006-11 and

21 executed by multiple intervening parties before it reached the LONG BEACH MORTGAGE

22 LOAN TRUST 2006-11 including LONG BEACH MORTGAGE LOAN TRUST 2006-10, which

23 has its own sent of PSA[4] for which Defendant failed to provide explanation whatsoever in its

24 MDT.  Here, neither the Note nor the DOT was assigned to LONG BEACH MORTGAGE LOAN

25 TRUST 2006-11 by the closing date December 14, 2006.  Therefore, under the PSA, any

26 assignments of the DOT beyond the specified closing date for the MASTR TRUST 2007-1 are

27 _____
   [3] *See*: https://www.sec.gov/Archives/edgar/data/1382996/000127727706000896/exh41to8kpsalb_200611.pdf

28 [4] See: https://www.sec.gov/Archives/edgar/data/1379746/000127727706000830/exh41to8kpsalb_200610.pdf

1   void.

2       Based on the aforesaid "actual controversy" over Defendants' standing to foreclose and

3   collect money on Plaintiff's Note, a judicial declaration is necessary and appropriate at this time

4   and in these circumstances so that Plaintiff and Defendants may ascertain their respective rights

5   and duties under the Note and DOT, if any.

6       In *Glaski v. Bank of America, N.A.*, (Cal.Ct.App. 2013) 218 Cal.App.4th 1079, Court

7   determined that borrowers are permitted to "*pursue questions regarding the chain of*

8   *ownership,*" a position the Court stated was supported by *Herrera v. Deutsche Bank Nat'l Trust*

9   *Co.*, (2011) 196 Cal.App.4th 1366, in which Deutsche's motion for summary judgment was

10  denied based on the failure of Deutsche, "*to establish it was the beneficiary under that deed of*

11  *trust.*"   Based on the foregoing discussion, this examination also appears to be mandated by

12  federal and state constitutional due process protections, which demand an opportunity for a fair

13  hearing before deprivation of such an important property right.

14      Significantly, the United State District Court for the Southern District of California

15  recently held that a borrower cannot be denied declaratory relief to preemptively ascertain

16  Defendants' purported standing to foreclose where there exist a controversy as to whether a

17  fraudulent assignment of the Note or DOT occurred.  That Court also held that a Plaintiff can

18  make a claim related to the loan's securitization if the improper procedures during the

19  securitization are at issue.  *Johnson v. HSBC Bank USA, et al.*, 3:11-cv-2091-JM-WVG, S.D.Cal.,

20  Docket #22, Order Denying Bank of America's Motion to Dismiss, filed March 19, 2012.  Here,

21  as in *Johnson*, <u>Plaintiff does not dispute the right of the Defendants to securitize Plaintiff's</u>

22  <u>mortgage</u>, but allege that as a result of improper procedures the true owner of Plaintiff's mortgage

23  is unclear and as a result he has been paying improper parties an excess amount.  *See Vogan v.*

24  *Wells Fargo Bank, N.A.*, 2011 WL5826016 (E.D. Cal 2011) (holding it was improper to dismiss

25  claims challenging Defendants' standing to foreclose based on allegations that an assignment

26  executed after the closing date of the securities pool created a plausible inference that at least

27  some part of the recorded assignment was fabricated or otherwise invalid).

28      Defendant in its Motion, failed to address the Plaintiff's allegations regarding two

LAW OFFICES OF TIMOTHY L. MCCANDLESS
22675 Calle Hermosa, Suite A
Capistrano Beach, California 92624
Telephone (925) 957-9797 / (949) 388-7779
Facsimile (925) 957-9799

different *Declaration of Compliance* pursuant to California Civil Code Section 2923.55 attached to the Notices of Default, ("NOD") (Complaint Exhibits "D" and "H").  Both NODs carried the Declarations, first (Complaint Exhibit "D") states **due diligence efforts** were made by the Lender Defendants pursuant to California Civil Code Section 2923.55, yet second (Complaint Exhibit "H") states that **contact** has been made with borrower and options were explored to avoid foreclosure. Here we have two different declarations that contradicts itself and void each other as to the compliance with Section 2923.55, if any.  Further Defendants abandon the issue how some foreclosure related documents have been recorded under <u>Loan Number 0698597374</u> and some under <u>Loan Number 0014718308</u>, simply, Defendants abandon Plaintiff's allegations for violation of California Civil Code Section 2937 et seq.

In a nut shell Defendants request for dismissal of the Complaint on the grounds that (1) Defendants conducts were privileged; (2) Plaintiffs have failed to make a valid and unambiguous offer of tender; and (3) Plaintiffs' all causes of action are fatally defective and judicially estopped.

Permitting a homeowner to assert a wrongful foreclosure claim on this basis is consistent with public policy, existing law, and recent legislative enactments designed to protect homeowners from abuses in the mortgage industry.  One of the basic tenets of foreclosure law is that the foreclosing party must have an ownership interest in the debt securing the home that is to be foreclosed upon. There is no reason to depart from this fundamental premise where foreclosure proceeds non-judicially. Whether the correct party is foreclosing is not a technicality. A homeowner experiences real harm when a party with no interest in the debt forecloses because the homeowner has lost his home to the wrong party and is deprived of the opportunity to explore options with the true debt owner. It is impossible to know whether that homeowner could have avoided foreclosure if the wrong party had not foreclosed; in other words, it matters who owns the debt.

Recognizing wrongful foreclosure actions to challenge foreclosures by the wrong party, such as those resulting from allegedly void debt assignments, is sound policy because it empowers homeowners to protect themselves against "fast and loose" foreclosure practices, incentivizes the mortgage industry to exercise due diligence in the foreclosure process, and helps avoid the

1    confusion and unfairness that would result from more than one party having the power to

2    foreclose. A contrary rule would lead to a legally untenable situation, i.e. that anyone can

3    foreclose on a homeowner because someone has the right to foreclose.

4         In short, Plaintiff's Complaint pleads facts evincing a scheme to cause the alleged injuries

5    to Plaintiff, common among all Defendants, sufficient to overcome Defendant's MTD.  Each

6    cause of action in the Complaint sufficiently pleads Defendant's duty to disclose material

7    information and Plaintiff's actual and justifiable reliance on that information which caused harm

8    to Plaintiff.  Plaintiffs' claims for violation of Cal. Civ. Code §§ 2937, 2932.5, 2923.5, 2924 et

9    seq., Bus. & Prof. Code §17200, are with merit.

## II.    ARGUMENT

### A.    PLAINTIFF'S COMPLAINT PROPERLY STATES CAUSES OF ACTION AGAINST DEFENDANTS AND THE COURT SHOULD DENY THE INSTANT MOTION TO DISMISS

14        A Complaint must contain a "short and plain statement of the claim showing that the

15   pleader is entitled to relief." Fed.R.Civ.P. 8(a).  On a motion under Rule 12(b)(6) for failure to

16   state a claim, dismissal is appropriate only when the Complaint does not give the Defendant fair

17   notice of a legally cognizable claim and the grounds on which it rests.  *See, Bell Atl. Corp. v.*

18   *Twombly,* 550 U.S. 544 (2007).  In considering whether the Complaint is sufficient to state a

19   claim, the Court will take all material allegations as true and construe them in the light most

20   favorable to the plaintiff.  *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  Although

21   the Court is generally confined to consideration of the allegations in the pleadings, the Court may

22   consider "exhibits attached to the Complaint, and matters properly subject to judicial notice."

23   *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007)(quoting *Swartz*

24   *v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)).  When granting a Motion to Dismiss, a Court is

25   generally required to grant the Plaintiff leave to amend, even if no request to amend the pleading

26   was made, unless amendment would be futile.  *Cook, Perkiss & Liehe, Inc. v. N. Cal Collection*

27   *Serv. Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment would be

28   futile, the Court examines whether the Complaint could be amended to cure the defect requiring

LAW OFFICES OF TIMOTHY L. MCCANDLESS
22675 Calle Hermosa, Suite A
Capistrano Beach, California 92624
Telephone (925) 957-9797 / (949) 388-7779
Facsimile (925) 957-9799

1   dismissal "without contradicting any of the allegations of [the] original Complaint." *Reddy v.*

2   *Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

3        Plaintiffs have properly plead a cause of action against Defendants and contrary to their

4   conclusory allegations the Complaint has valid and meritorious allegations that if allowed to move

5   forward on the merits, Defendants will be shown to not be the real party in interest and will show

6   that Defendants have exhibited improper and illegal conduct.

7        Defendants are essentially arguing that Plaintiff should be punished for Defendants' own

8   incompetence.

9   **B.     PLAINTIFF CAN CHALLENGE THE FORECLOSURE PROCESS**

10       **WITHOUT HAVING TENDERED THE FULL AMOUNT DUE AND**

11       **OWING UNDER THE LOAN**

12       Defendants argue in their MTD on the grounds that Plaintiff cannot challenge the

13   foreclosure without having tendered the full amount due and owing under the Loan, (Dkt. # 12,

14   p.18:15-28) *Arnolds Mgmt. Corp. v. Eischen*, (1984) 158 Cal.App.3d 575, 578.  It would be

15   inequitable to require Plaintiff to tender.  *Onofrio v. Rice*, (1997) 55 Cal.App.4th 413.  In *Onofrio,*

16   Plaintiffs, as here, sought rescission of the underlying DOT.  Further exceptions exist in *Lona v.*

17   *Citibank, N.A.*, (2011) 202 Cal.App.4th 89, [a tender may not be required where it would be

18   inequitable to impose such a condition on the party challenging the sale] which sets forth the

19   following exceptions to the tender rule: (1) where the borrower attacks the validity of the

20   underlying debt; (2) where the person seeking to set aside the trustee's sale has a counterclaim or

21   set-off against the beneficiary tender is not due to the extent the offset is equal to or greater than

22   the amount due; (3) where it would be inequitable to impose a tender requirement; and (4) where

23   the trustee's deed is void on its face. (*Lona*, supra, at 112-113).

24       Here, Plaintiff argues that the tender requirement should not apply because they alleged

25   that his loan was sold to a securitization trust, and that the Defendants failed to follow the PSA,

26   failed to endorse the note and assign the DOT in a timely manner as set forth in the PSA, and

27   failed to properly identify the true party of interest in their foreclosure action.  Plaintiff relies on

28   *Javaheri v. JPMorgan Chase Bank, N.A.*, (C.D. Cal. June 11, 2011) 2011 U.S. Dist. LEXIS 62152

LAW OFFICES OF TIMOTHY L. MCCANDLESS
22675 Calle Hermosa, Suite A
Capistrano Beach, California 92624
Telephone (925) 957-9797 / (949) 388-7779
Facsimile (925) 957-9799

LAW OFFICES OF TIMOTHY L. MCCANDLESS
22675 Calle Hermosa, Suite A
Capistrano Beach, California 92624
Telephone (925) 957-9797 / (949) 388-7779
Facsimile (925) 957-9799

1   for his contention that these allegations are sufficient to allege that the Defendants lack the an

2   interest in Plaintiff's loan that authorizes them to initiate foreclosure.  In *Javaheri,* the Plaintiff

3   alleged that the loan at issue was "sold to an investment trust and became part of, or was subject

4   to, a Loan Pool, a Pooling and Servicing Agreement, a Collateralized Debt Obligation, a

5   Mortgage-Backed Security, a Mortgage Pass-Through Certificate, a Credit Default Swap, an

6   Investment trust and/or a Special Purpose Vehicle" and that the Defendant never properly

7   recorded its claim of ownership in the subject property.  The same standard applies to this Court's

8   review of the instant MTD.  The Court found these allegations were sufficient to allege that the

9   Defendant "did not own [Plaintiff's] Note and therefore did not have the right to foreclose."  The

10  Court found that the allegations were sufficient to relief above a speculative level and thus invoke

11  the equity exception to the tender rule.

12         Here even if the Defendants argue that they received a proper assignment (which Plaintiff

13  vehemently disagree) of the DOT or otherwise obtained authority to foreclose, even if taken as

14  true, this does not refute Plaintiff's specific allegations regarding defects in the transfer of rights

15  under the DOT. (*See* ruling in *Ziolkowski vs. HSBC Mortgage Services*, case no. 34-2011-

16  0009566-CU-OR-GDS).  Therefore, a good faith argument has been presented by Plaintiff

17  regarding the securitization of the loan to attack the validity of the subject loans allowing it to

18  survive the instant MTD.

19         **C.      THE APPLICATION OF JUDICIAL ESTOPPEL REQUIRES FINDING OF**

20                 **BAD FAITH INTENT**

21         In their MTD, Defendant argues that "Plaintiff is estopped from making claims which he

22  omitted from his Chapter 7 bankruptcy schedules."

23         Judicial estoppel is a common-law doctrine by which a party who has assumed one

24  position in his pleadings may be estopped from assuming an inconsistent position (In re *Coastal*

25  *Plains, Inc*., 179 F.3d 197 (5th Cir. 1999).)  The purpose of the doctrine of judicial estoppel is to

26  protect the integrity of the judicial process by preventing parties from "playing fast and loose with

27  the Courts" to suit the exigencies of self-interest. (*Id*.; see also *Haley v. Dow Lewis Motors, Inc.*,

28  72 Cal. App. 4th 497, 509, (1999) (reversing trial Court's application of judicial estoppel to grant

LAW OFFICES OF TIMOTHY L. MCCANDLESS
22675 Calle Hermosa, Suite A
Capistrano Beach, California 92624
Telephone (925) 957-9797 / (949) 388-7779
Facsimile (925) 957-9799

1  Defendant's motion for judgment on the pleadings where Plaintiffs claimed that their failure to

2  list claims in bankruptcy petition was due to ignorance, not bad faith; case remanded.)  California

3  cases make it clear that judicial estoppel should be applied with caution.  (*Haley*, *supra*, 72 Cal.

4  App. 4th at 511; *International Engine Parts, Inc. v. Feddersen & Co.*, (1998) 64 Cal.App.4th

5  345.)  "[J]udicial estoppel is an 'extraordinary remed[y] to be invoked when a party's inconsistent

6  behavior will otherwise result in a miscarriage of justice." (*Haley* at 511, quoting *Ryan*

7  *Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 365 (3d Cir. 1996).)

8       It is well settled that the application of judicial estoppel requires finding of bad faith

9  intent.  (*Cloud v. Northrop Grumman Corp.*, 67 Cal. App. 4th 995, 1019 (1998).)  "[J]udicial

10  estoppel applies only when the debtor engages in an effort to obtain 'unfair advantage' and

11  engages in a 'scheme to mislead the Court,' and that and inconsistencies in the debtor's position

12  must be 'attributable to intentional wrongdoing' and 'tantamount to a knowing misrepresentation

13  to or even fraud on the Court,' and that a 'good faith mistake' cannot support judicial estoppel.

14  (*Cloud, supra* at 560, quoting *Ryan*, supra at 362-363.)  In *Ah Quin v. Cnty. of Kauai Dep't of*

15  *Tramp.*, 733 F.3d 267, 276 (9th Cir. 2013), the Ninth Circuit held that *judicial estoppel related to*

16  *a bankruptcy filing is not appropriate where a claim is omitted from bankruptcy schedules due to*

17  *inadvertent error or mistake on the part of the bankrupt party.*  (*Id.* at 276, emphasis added; see

18  also *Johnson v. Oregon Dept. of Human Resources*, 141 F.3d 1361, 1369 (9th Cir.1998) ("If

19  incompatible positions are based not on chicanery, but only on inadvertence or mistake, judicial

20  estoppel does not apply"); *Haley*, 72 Cal.App.4th at 509 (doctrine "does not apply when the prior

21  position was taken because of a good faith mistake rather than as part of a scheme to mislead the

22  court"; inconsistency "must be attributable to intentional wrongdoing".)

23       In declining to apply judicial estoppel where a factual issue existed as to whether omission

24  of prepetition claim in bankruptcy filing was inadvertent, the Ninth Circuit in *Ah Quin* stated that

25  it does not interpret the terms "inadvertent" and "mistake" narrowly, rather "judicial estoppel

26  requires an inquiry into whether the plaintiff's bankruptcy filing was, in fact, inadvertent or

27  mistaken, as those terms are commonly understood." (*Ah Quin, supra* 733 F.3d at 276.)

28  ///

**D.      PLAINTIFF'S CLAIMS WERE INADVERTENTLY OMITTED FROM PLAINTIFF'S BANKRUPTCY SCHEDULES DUE TO PLAINTIFF'S GOOF FAITH MISTAKE AND LACK OF KNOWLEDGE OF CLAIMS**

In the present action, Plaintiff's failure to include claims against Defendant in his bankruptcy schedule, was a good faith mistake.  Plaintiff had no intention to mislead the Court and was not aware that he had potential claims against Defendant when he filled out the bankruptcy schedules.  Plaintiff had no knowledge of the improper securitization and fraudulent assignment of his loan when he filed his bankruptcy.

It is important to note that "nondisclosure in bankruptcy filings, standing alone, is insufficient to support the finding of bad faith intent necessary for the application of judicial estoppel.  Yet nondisclosure, and nothing more, is all that could be established in this case by a review limited to Plaintiff's complaint plus his bankruptcy filings." (*Cloud*, *supra*, 67 Cal.App.4th at 1019.)  Likewise, here, there is no evidence that Plaintiff acted in bad faith and judicial estoppel should not apply.

**E.      PLAINTIFF HAS SUFFICIENTLY STATED CLAIM FOR LACK OF STANDING**

Defendants reference and cite *Jenkins v. JP Morgan Chase Bank, N.A.*, (2013) 216 Cal.App.4th 497, 515, in support of their contention that Plaintiff lacks standing to challenge an assignment of the Note and Deed of Trust to which the borrower was neither a party nor a third party beneficiary.  *Jenkins*, 216 Cal.App.4th at 512-513, relied on *Gomes v. Countrywide Home Loans, Inc*., (2011) 192 Cal App. 4th 1149, to justify its conclusion that a borrower could never challenge an invalid assignment of a loan. Yet, *Gomes* never went that far.  *Gomes* ruled that a Plaintiff can attack the authority of a party to conduct a foreclosure if his complaint "identified a specific factual basis for alleging the foreclosure was not initiated by the correct party." *Jenkins*' rule may hold as to claimed defects that would make the assignment merely voidable, but not as to alleged defects rendering the assignment absolutely void. *Wilson v. HSBC Mortgage Servs., Inc.*, *supra*, 744 F.3d at p. 9; *Reinagel*, *supra*, 735 F.3d at pp. 224–225; *Woods v. Wells Fargo Bank, N.A.* (1st Cir. 2013) 733 F.3d 349, 354; *Culhane*, *supra*, 708 F.3d at pp. 289–291; *Miller v.*

LAW OFFICES OF TIMOTHY L. MCCANDLESS
22675 Calle Hermosa, Suite A
Capistrano Beach, California 92624
Telephone (925) 957-9797 / (949) 388-7779
Facsimile (925) 957-9799

1   *Homecomings Financial, LLC*, *supra*, 881 F.Supp.2d at pp. 831–832; *Bank of America Nat. Assn.*

2   *v. Bassman FBT, LLC*, *supra*, 981 N.E.2d at pp. 7–8; *Pike v. Deutsche Bank Nat. Trust Co.* (N.H.

3   2015) 121 A.3d 279, 281; *Mruk v. Mortgage Elec. Registration Sys., Inc.*, *supra*, 82 A.3d at pp.

4   534–536; *Dernier v. Mortgage Network, Inc.* (Vt. 2013) 87 A.3d 465, 473.

5       However, under *Glaski v. Bank of America, N.A.*, decided after *Gomes,* the California

6   Court of Appeal held "[w]e conclude that a borrower may challenge the securitized trust's chain of

7   ownership by alleging the attempts to transfer the deed of trust to the securitized trust (which was

8   formed under New York law) occurred after the trust's closing date." *Glaski v. Bank of America,*

9   *N.A.*,( 2013) WL 4037310 (Cal. App. 5 Dist.), 218 Cal. App. 4th 1079.

10      Moreover, the *Glaski* Court (the same which decided *Gomes)* distinguished *Gomes.*

11  Because the Plaintiff in *Glaski* "alleged that the entity claiming to be the note holder was not the

12  true owner of the note", and because the Plaintiff alleged "specific grounds for his theory that the

13  foreclosure was not conducted at the direction of the correct party", the *Glaski* Court "[did] not

14  interpret [*Gomes*] as barring claims that challenge a foreclosure based on specific allegations that

15  an attempt to transfer the deed of trust was void." *Glaski v. Bank of America, N.A.* (2013) 218 Cal.

16  App. 4th 1079, 1099. Here, Plaintiff has made similar allegations as those in *Glaski,* that the

17  transfer of the DOT occurred after the trust closing date, (Complaint at ¶¶37-45, and ¶¶97-98).

18  **F.    THE HOMEOWNERS BILL OF RIGHTS (OR "HBOR") GRANTS**

19      **STANDING TO BORROWER TO CHALLENGE AN INVALID**

20      **ASSIGNMENT OF HIS LOAN**

21  The HBOR includes Section 2924(a)(6) to the Civ. Code, which provides:

22      "No entity shall record or cause a notice of default to be recorded
        or otherwise initiate the foreclosure process unless *it is the holder*
23      *of the beneficial interest under the mortgage or deed of trust,* the
        original trustee or the substituted trustee under the deed of trust, or
24      the designated agent of the holder of the beneficial interest. No
        agent of the holder of the beneficial interest under the mortgage or
25      deed of trust, original trustee or substituted trustee under the deed
        of trust may record a notice of default or otherwise commence the
26      foreclosure process except when acting within the scope of
        authority designated by the holder of the beneficial interest. (Italics
27      added.)"

28  To enforce the command of Section 2924 (a)(6), the HBOR amends Section 2923.55 of the Civ.

LAW OFFICES OF TIMOTHY L. MCCANDLESS
22675 Calle Hermosa, Suite A
Capistrano Beach, California 92624
Telephone (925) 957-9797 / (949) 388-7779
Facsimile (925) 957-9799

1  Code.  Before a lender or loan servicer can even begin the foreclosure process, it must tell the

2  borrower he can demand evidence the foreclosing entity has the power to foreclose. Another

3  section of the HBOR makes plain that California law allows a foreclosure only if the party

4  initiating the process has the power to foreclose. Civil Code Section 2924.17(b) commands:

> "Before recording or filing any of the documents described in
> subdivision (a), a mortgage servicer *shall* ensure that it has
> reviewed competent and reliable evidence to substantiate the
> borrower's default *and the right to foreclose,* including the
> borrower's loan status and loan information." (Italics added.)

8  The documents listed in Subsection (a) of Section 2924.17 include "a notice of default, notice of

9  sale, assignment of a deed of trust, or substitution of trustee recorded by or on behalf of a

10  mortgage servicer in connection with a foreclosure subject to the requirements of Section 2924, or

11  a declaration or affidavit filed in any court relative to a foreclosure proceeding...."

12  Sections 2924 (a), 2923.55 and 2924.17 lay down a strong public policy - a party that

13  initiates a foreclosure must have the power to foreclose.  It must, in short, own the homeowner's

14  loan and have a legal assignment of the DOT.  These statutes must be interpreted according to

15  their plain language. *People v. Cook*, (1997) 16 Cal.4th 1210, 1215; *Pineda v. Williams-Sonoma*

16  *Stores, Inc.,* (2011) 51 Cal.4th 524, 530.  A Court cannot "under the guise of construction, rewrite

17  the law or give words an effect different from the plain and direct import of the terms used."

18  *Dicampli-Mintz v. County of Santa Clara,* (2012) 55 Cal.4th 983, 992.

19  As explained above, lenders and servicers read *Jenkins v. JPMorgan Chase Bank, N.A.,*

20  216 Cal.App.4th at 514-515, and related cases to hold that borrowers have no "standing" to argue

21  a loan has not been properly transferred into an investment trust.  Whatever else may be said about

22  *Jenkins* and like cases, the HBOR has overruled them. The HBOR, and especially Civil Code

23  Sections 2924 (a)(6), 2924.17 and 2923.55, have established the policy that only entities with the

24  power to foreclose - i.e., only entities who actually own the loan - can authorize a foreclosure.

25  **G.    CLEAR LANGUAGE IN THE DOT GIVES BORROWER STANDING TO**

26  **CHALLENGE THE POWER OF PARTY TO FORECLOSE**

27  One of the great misunderstandings in foreclosure law is that the power of sale - the power

28  to sell a home at a trustee's sale - is somehow governed exclusively by California's foreclosure

LAW OFFICES OF TIMOTHY L. MCCANDLESS
22685 Calle Hermosa, Suite A
Capistrano Beach, California 92624
Telephone (925) 957-9797 / (949) 388-7779
Facsimile (925) 957-9799

1    statues, Civ. Code § 2924 et seq.  *See, e.g., Fontenot v. Wells Fargo Bank, N.A.*, (2011) 198

2    Cal.App.4th 256, 272; *Jenkins v. JPMorgan Chase Bank, N.A.*, 216 Cal.App.4th at 511-512. Yet,

3    as even the *Jenkins* opinion points out, the power of sale is created by contract, not be statute. *Ibid*.

4    Thus, the "standing" issue at the heart of this case turns on the language of a contract, rather than

5    the language of the foreclosure statutes.

6         All foreclosures, in other words, start with the "lender" or "beneficiary" under the DOT.

7    Unless the foreclosure is initiated by the actual beneficiary, it is void. *Glaski v. Bank of America*,

8    218 Cal.App.4th at 1094.  And, a loan servicer who acts as the agent for a party who is not a

9    beneficiary lacks the power to foreclose. *Jenkins, supra; Glaski, supra.*

10        Clear language in the DOT gives the borrower - Plaintiff, in this case - the right to sue to

11   determine if the actual "Lender" is exercising the power to foreclose.  Section 22 of the DOT,

12   entitled "Acceleration; Remedies," states: "Lender shall give notice to Borrower prior to

13   acceleration.... The notice shall further inform Borrower of the right to reinstate after acceleration

14   and the right *to bring a Court action to assert the non-existence of a default of Borrower to*

15   *acceleration and sale.*" (italics added.)

16        This clear language controls. It grants a borrower like the Plaintiff, the right to bring any

17   Court action that challenges the existence of a default, or that raises any other defense the

18   borrower may have to loan acceleration or sale of his home. That right must include the right to

19   allege the purported "Lender" is not really the "Lender" at all because the loan was not properly

20   assigned to the purported "Lender."

21        Litigation allowed under the DOT also can include any allegation that the other party has

22   "breached any provision of, or any duty owed, by reason of, the DOT.  The other provisions

23   contemplated by this language must encompass the power of sale clauses, which only the

24   "Lender" can invoke, and the power to declare a default clauses, again which only the "Lender"

25   can trigger.  In short, the quoted language implies the borrower has the right to sue over whether

26   the actual "Lender" has authorized the declaration of a default or a foreclosure sale. This language

27   means the DOT gives the borrower standing to attack an invalid transfer of his loan.

28   ///

LAW OFFICES OF TIMOTHY L. MCCANDLESS
22675 Calle Hermosa, Suite A
Capistrano Beach, California 92624
Telephone (925) 957-9797 / (949) 388-7779
Facsimile (925) 957-9799

LAW OFFICES OF TIMOTHY L. MCCANDLESS
22675 Calle Hermosa, Suite A
Capistrano Beach, California 92624
Telephone (925) 957-9797 / (949) 388-7779
Facsimile (925) 957-9799

**H.      PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT IS PROPER**

Plaintiff's breach of contract claim rests on Defendants' failure to give to the Plaintiff notice related to his default as required by the DOT, (Complaint at ¶¶78-79 ).

Paragraph 22 of the DOT contains the following 7 elements (see (1) - (7) below) and states in pertinent part:

> "Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). **The notice shall specify:** **[(1)]** the default; **[(2)]** the action required to cure the default; **[(3)]** a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and **[(4)]** that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property; **[(5)]** the notice shall further inform Borrower of the right to reinstate after acceleration; **[(6)]** the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure; **[(7)]** if the default is not cured on or before the date specified in the notice.....(emphasis added)[5]."

The DOT was drafted solely by the original beneficiary, Plaintiff had no part in drafting this document, only the execution thereof.  Plaintiff contends that the aforementioned language contained in the DOT creates a condition precedent prior to either Plaintiff or Defendants bringing any action, without first giving written notice to perform a covenant.

The notice of acceleration and notice to cure given to borrower pursuant to Section "22" of the DOT, and the notice of acceleration given to borrower pursuant to Section "18", is a condition precedent to non-judicial foreclosure of the power of sale.  If the Lender fails to carry out its obligation, any subsequent foreclosure is invalid.  Plaintiff's predecessor has not complied with any expressed provisions of the DOT, has speciously trespassed upon the DOT and Defendants' property, and the foreclosure and sale must be rendered *void* and rescinded under California Civil Code Section 3513.

In California, "[c]ausation of damages in contract cases, as in tort cases, requires that the damages be proximately caused by the Defendant's breach, and that their causal occurrence be at least reasonably certain." *Vu v. California Commerce Club, Inc.*, (1997) 58 Cal.App.4th 229, 233.

---

[5]This implicit element is temporal in nature, in that the Lender must actually allow thirty (30) days to elapse from the date the notice is *given* to Borrower, before it may accelerate.

"The test for causation in a breach of contract ... action is whether the breach was a substantial factor in causing the damages." *US Ecology, Inc. v. State*, (2005) 129 Cal.App.4th 887, 909. "The term 'substantial factor' has no precise definition, but 'it seems to be something which is more than a slight, trivial, negligble, or theoretical factor in producing a particular result.'" *Id.* (quoting *Espinosa v. Little Co. of Mary Hospital*, (1995) 31 Cal.App.4th 1304, 1314). Failure to give contractually required notice before beginning foreclosure proceedings has been found to be a "substantial factor" in causing damages. *Siquieros v. Federal Nat. Mortg. Ass'n*, (C.D. Cal. June 27, 2014) 2014 WL 3015734, at *4.

In *Siquieros*, the Plaintiff's deed of trust also contained a notice requirement clause. *Id.* The defendants foreclosed on Plaintiff's property without giving Plaintiff notice. *Id.* at *1 Defendants argue that *Siquieros* is distinguishable because the Plaintiff was notified her property was in foreclosure after the foreclosure sale was completed, while in this case Plaintiff was aware before. However, while the foreclosure sale had not occurred in this case, Defendant - like the Defendants in *Siquieros* - took an action harmful to Plaintiff's' interest without notice to him; here, Defendants accelerated the repayment of the loan. If Defendants had complied with Section 22, Plaintiff would have had the opportunity to cure their initial default before acceleration suddenly made the entire amount of the loan due. Furthermore, if Plaintiff has been notified as required under the contract, they may have been able to mitigate damages, even if they were not able to forestall foreclosure completely. Thus, Plaintiff sufficiently alleged facts to allow the Court to infer Defendants' failure to send the required notice was more than a slight or trivial factor in producing Plaintiffs' damages.

## I.     PLAINTIFF'S CLAIMS FOR WRONGFULL FORECLOSURE AND VIOLATION OF CALIFORNIA CIVIL CODE SECTION 2937 ET SEQ. ARE PROPER

As an initial matter, there are only two ways that a lender may comply with California Civil Code Section 2923.5: either speaking with a borrower at least 30 days, in person or by telephone, *prior* to recording a NOD, or exercising "*due diligence*" in attempting to contact a borrower to explore their options to avoid foreclosure. For the "*contact*" requirement, the precise

LAW OFFICES OF TIMOTHY L. MCCANDLESS
22675 Calle Hermosa, Suite A
Capistrano Beach, California 92624
Telephone (925) 957-9797 / (949) 388-7779
Facsimile (925) 957-9799

LAW OFFICES OF TIMOTHY L. MCCANDLESS
22675 Calle Hermosa, Suite A
Capistrano Beach, California 92624
Telephone (925) 957-9797 / (949) 388-7779
Facsimile (925) 957-9799

1  language used in the statute provides: "(2) A mortgagee, beneficiary, or authorized agent shall

2  contact the borrower in person or by telephone in order to assess the borrower's financial situation

3  and explore options for the borrower to avoid foreclosure." Section 2923.5(2).  In order to satisfy

4  the "*contact*" requirement, a lender *must* discuss the traditional ways that a borrower may "*avoid*"

5  foreclosure with a borrower, such as a loan modification, a forbearance agreement, or a repayment

6  plan. *Marby v. Superior Court*, (2010) 185 Cal.App.4th 208, 210.  In *Mabry*, the lender filed a

7  Declaration of Compliance virtually identical to the one filed by the defendants in the situation at

8  bar. 185 Cal.App.4111 at 216.  In its opinion, the Court ruled that it was permissible for a

9  Declaration of Compliance to contain form language (as the one did in that case), but remanded

10  the case to the Trial Court to determine whom was telling the truth. *Id.* at 235.  Consequently, it is

11  apparent that simply attaching a Declaration of Compliance to a NOD does not conclusively prove

12  that the Defendant actually contacted the borrower. *Id.* at 235.

13  Alternatively, a lender *must* use "*due diligence*" to attempt to contact a borrower to explore

14  their options.  In order to satisfy this prong of the statute, a lender *must* meet *all* of the laundry list

15  of requirements outlined in the statute.

16  No attempts to contact the Plaintiff as required by this section has been made and any

17  argument to the contrary is not proper at the MTD stage as at it is an improper attempt to argue

18  merits of the case.  There is nothing "remarkable" in the allegations that no contact was made as

19  required by this section because requirements of Section 2923.5 are fairly technical and clearly do

20  not require borrowers to contact lenders, but require exactly opposite - lenders to contact

21  borrowers.  This section also clearly does not authorize filing of falsified off-the-shelf declarations

22  of compliance by servicers. Unless Defendants can produce evidence of compliance, Plaintiff's

23  allegations stand true.  JAMES E. ALBERTELLI, PA DBA ALAW, (hereinafter "ALAW") was

24  under the obligation to at least make sure that the declaration was legitimate.  Last, but not least,

25  contrary to what is asserted in the MTD, the Plaintiff clearly alleged in the Complaint that LAW

26  indeed breached its statutory duties in improperly recording Notices of Trustee's Sale, ("NOTS").

27  Defendants deliberately violated California Civil Code Section 2923.5 et seq., and

28  provision of the HBOR and as a result, Plaintiff was not provided with the specialized assistance

LAW OFFICES OF TIMOTHY L. MCCANDLESS
22675 Calle Hermosa, Suite A
Capistrano Beach, California 92624
Telephone (925) 957-9797 / (949) 388-7779
Facsimile (925) 957-9799

and default loan servicing that the lender/servicer was obligated to provide that comported with the Plaintiff's ability to pay and that served to assist Plaintiff in his efforts to avoid the default and the acceleration of the subject mortgage debt and foreclosure.

Defendants and/or its agents failed, refused and/or neglected to evaluate the particular circumstances surrounding Plaintiff's claimed default; failed to evaluate Plaintiff or the Subject Property; failed to determine the Plaintiff's capacity to pay the monthly payment or a modified payment amount; failed to ascertain the reason for the Plaintiff's claimed default, or the extent of the Plaintiff's interest in keeping the subject property.

The legislative purpose of California Civil Code Section 2937, which requires notice to the borrower when there has been any transfer of the loan servicing rights, is to "protect the borrower or subsequent obligor from fraudulent business practices."

Here, neither Defendant, notified the Plaintiff that the servicing rights had been retained by or transferred to SELECT PORTFOLIO SERVICING, INC., (hereinafter "SPS") when the loan was sold.

Nothing in Civil Code Section 2937, states that the duty to notify the borrower only arises in third-party transfers. Moreover, it is not clear from the facts, which Plaintiff has only alleged on information and belief at this point, that there was not a transfer subject to the notice requirements of Civil Code Section 2937. Accordingly, Plaintiff should be allowed to pursue his cause of action for violation of Civil Code Section 2937, with any attack made on the appropriate facts at a later pleading stage.

**J.    PLAINTIFF'S FRAUD CLAIM, CALIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ARE PROPER**

Plaintiff's fraud claims are not based on the securitization of his loan, but rather on the effect that the securitization had on the actions and motivation of the loan servicers JPMORGAN and SPS. Plaintiff has clearly stated the elements of fraudulent misrepresentation on the part of Defendants: (a) JPMORGAN and/or SPS never disclosed that they were not the lender authorized to grant a loan modification nor that in order to grant one they would have to purchase Plaintiff's loan from the LONG BEACH MORTGAGE LOAN TRUST 2006-11, at a financial loss; (b)

JPMORGAN and/or SPS was clearly aware of this falsity; (c) JPMORGAN and/or SPS clearly intended to defraud Plaintiff as evidenced by their failure to offer a modification to which Plaintiff was entitled; (d) Plaintiff justifiably relied on Defendants' misrepresentation.

Plaintiff sufficiently pled the cause of action for intentional infliction of emotional distress. Conduct is extreme and outrageous when it exceeds all bounds of decency usually tolerated by a civilized society and is of a nature that is especially calculated to cause, and does cause, mental distress. *Molko v. Holy Spirit Ass'n*, (1988) 46 Cal.3d 1092, 1122. Although mere insults, indignities, and threats do not alone constitute outrageous conduct [*ibid*], they may be a part of an outrageous course of conduct that will subject the defendant to liability. *Newby v. Alto Riviera Apartments*, (1976) 60 Cal.App.3d 288, 298.

Unprivileged conduct that subjects another to economic ruin has been considered outrageous. *Sanchez-Correa v. Bank of America*, (1985) 38 Cal.3d 892, 908-909; *Kruse v. Bank of America*, (1988) 202 Cal.App.3d 38, 67.

### K. PLAINTIFF'S CALIM FOR VIOLATION OF BUS. & PROF. CODE SECTION 17200 IS PROPER

In order to demonstrate Defendants have engaged in unfair business practices in violation of Section 17200 of the California Business and Professions Code ("UCL"), Plaintiff must show that Defendants engaged in a business practice that is unlawful, unfair, or fraudulent. Cal. Bus. & Prof. Code Section 17200.

"As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive untrue or misleading advertising..." Bus. & Prof. Code Section 17200.

There is a split of authority on what constitutes fairness for purposes of this code, and as such different varieties of unfairness have been established: "practices which are unlawful, unfair or fraudulent." *Daugherty v. American Honda Motor Co., Inc.* (2006) 144 Cal. App. 4th 824, 837. The unlawful practices prohibited by the statute are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court made. *Saunders v. Superior Court* (1994) 27 Cal. App. 4th 832, 838-39. It is not necessary that the predicate law provide for

LAW OFFICES OF TIMOTHY L. MCCANDLESS
22675 Calle Hermosa, Suite A
Capistrano Beach, California 92624
Telephone (925) 957-9797 / (949) 388-7779
Facsimile (925) 957-9799

private civil enforcement. "Unfair," as used in the statute, simply means any practice whose harm to the victim outweighs its benefits. "Fraudulent," as used in the statute, does not refer to the common law tort of fraud but only requires a showing that members of the public are likely to be deceived. *Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1267.

To demonstrate standing for purposes of Section 17200, Plaintiff must show he suffered (1) an economic injury, and (2) show that the injury was caused by the alleged unfair business practice. *Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310, 322.

While Defendants argue that Plaintiff cannot make a showing to allow his UCL claim to survive, they do not specifically set forth any argument.  It appears that Defendants' sole argument is that Plaintiff cannot allege injury due to his own conduct in defaulting on his loan, however, Plaintiff has sufficiently established that he was injured as a result of Defendants' HBOR violations, which caused Plaintiff stress. Plaintiff was also subjected to unwarranted fees by Defendants' foreclosure proceedings, despite their authority to conduct these proceedings. Additionally, because Plaintiff sets forth sufficiently stated violations of Civil Code Section 2923.5 above, a cause of action for a violation of § 17200 under the unlawful prong of the statute has been sufficiently plead.  For these reasons alone, the Unfair Business Practices cause of action has been properly plead.

### L. PLAINTIFF'S CALIMS FOR SLENDER OF TITLE AND QUIT TITLE ARE PROPER

The purpose of a Quiet Title action is to establish title against adverse claims to real property or any interest in the property.  Code Civ. Proc. Section 760.020(a).  Defendants are asserting entitlement to conduct a trustee sale if and when Plaintiff defaults.  This is the adverse claim that Plaintiff seeks to quiet.  It is that simple.

In this case, Defendants claim that Plaintiff's quiet title action should fail.  Defendants first argue that Plaintiff has not satisfied his obligations under the DOT because he has defaulted.  Second, Defendants argue that Plaintiff cannot prevail under a quiet title claim without paying the debt secured.  Defendants' arguments could be successful if this case involved a straightforward real estate transaction where fraud did not occur.  See *Warren v. Merrill*, (2006) 143 Cal.App.4th

1   96 (the Court held that quiet title was a proper remedy because there was enough evidence to show

2   fraud and breach of fiduciary duty).  In other words, if this was a standard contract action then the

3   fact that Plaintiff defaulted on his performance under the Note by failing to make the monthly

4   payments required may indeed have presented a material impediment to a quiet title action. *Id.*

5   But this is not such a case.  In this case, an action arose to rectify Defendants' unlawful breach of

6   their duties and their fraudulent procurement of legal title.

7           It is well-settled that when legal title has been acquired through fraud, the fraudulent party

8   acquires bare legal title, which the law of equity views as title held by Defendants as a

9   constructive trustee for Plaintiff, and as a result, Plaintiff would be viewed as holding superior title

10  to Defendants.  See, e.g., *Newport v. Hatton*, (1925) 195 Cal. 132, 145 (because the Defendants

11  acquired title to the property through fraud and coercion the Plaintiff held paramount title

12  unaffected by the Defendants' collusive and fraudulent dealings).

13          Accordingly, when legal title has been acquired through fraud, a myriad of remedies will

14  be available and appropriate.  *Newport v. Hatton*, (1925) 195 Cal. 132. These remedies may

15  include: quieting title, cancellation, reconveyance, or establishing or enforcing trusts, or

16  determining the priorities of opposing equities. See *De Leonis v. Hammel*, (1905) 1 Cal.App. 390;

17  See, e. g., *Newport v. Hatton*, (1925) 195 Cal. 132, 153 ("Any appropriate remedies required upon

18  equitable considerations and justified by the pleadings and proof may be had in such a case.").

19          In the complaint, Plaintiff has alleged various instances of fraud.

20                          **III.    CONCLUSION**

21          Defendants allege that Plaintiff seeks a windfall, which clearly is not what he is looking

22  for at all, nor do they seek a "free house" but merely wish to regain title of his property that was

23  wrongfully foreclosed and the Defendants have it in a constructive trust.  Somehow, Defendants

24  allege that by improperly foreclosing on Plaintiff's home they have acted in good faith and have

25  operated in an equitable manner.  If so, they why are they fighting so hard to kick this matter out

26  in the pleading stage; the answer is simple, if they have to actually defend against the facts they

27  would lose and be embarrassed by what the merits of this case would present and how their fraud,

28  in conjunction with many other banks, has been perpetrated.

1    For the foregoing reasons, the Court should deny Defendants' Motion to Dismiss or in the

2  alternative should grant Plaintiff leave to amend the Complaint.

3    Respectfully submitted,

4    DATED: November 22, 2016          LAW OFFICES OF TIMOTHY L. MCCANDLESS

5

6                                      /s/ *Timothy L. McCandless*
                                       Timothy L. McCandless, Esq.
7                                      *Attorney for Plaintiff(s)*: Mark Anthony Mendaros

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF TIMOTHY L. MCCANDLESS
22675 Calle Hermosa, Suite A
Capistrano Beach, California 92624
Telephone (925) 957-9797 / (949) 388-7779
Facsimile (925) 957-9799

LAW OFFICES OF TIMOTHY L. MCCANDLESS
22875 Calle Hermosa, Suite A
Capistrano Beach, California 92624
Telephone (925) 957-9797 / (949) 388-7779
Facsimile (925) 957-9799

<u>CERTIFICATE OF SERVICE</u>

STATE OF CALIFORNIA            )
                               ) ss
COUNTY OF CONTRA COSTA         )

I am resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is LAW OFFICES OF TIMOTHY L. MCCANDLESS, 26875 Calle Hermosa, Suite A, Capistrano Beach, California 92624. I have first hand personal knowledge of the facts set forth below and if called upon to testify, I could and would do so competently and truthfully.

I hereby certify that on November 22nd, 2016, I electronically filed with the Clerk of the Court the following documents(s):

- **PLAINTIFF'S OPPOSITION TO DEFENDANT SELECT PORTFOLIO SERVICING, INC., AND DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR REGISTERED HOLDERS OF LONG BEACH MORTGAGE LOAN TRUST 2006-11 ASSET-BACKED CERTIFICATES, SERIES 2006-11'S MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) & 12(b)(1); MEMORANDUM OF POINTS AND AUTHORITIES**

☒   (**Using the CM/ECF system**) The CM/EFC system will provide service of such filing(s) via Notice of Electronic Filing (NEF) to the following NEF parties:

| | |
|---|---|
| John M Sorich, Esq.<br>Bryant Delgadillo, Esq.<br>David M. Liu, Esq.<br>PARKER IBRAHIM & BERG LLC<br>695 Town Center Drive, 16th Floor<br>Costa Mesa, California 92626<br>Telephone: (714) 361-9550<br>Fax:          (714) 784-4190<br><br>Email: john.sorich@piblaw.com<br>        bryant.delgadillo@piblaw.com<br>        david.liu@piblaw.com<br><br>*Attorneys for Defendant*,<br>JP Morgan Chase Bank, National Association | Gina L. Albertson, Esq.<br>Namson N. Pham, Esq.<br>ALBERTSON LAW<br>2603 Main Street, Suite 860<br>Irvine, California 92614<br>Telephone: (949) 577-9464<br>Fax:          (949) 577-9460<br><br>Email: galbertson@albertsonlaw.org<br>        npham@albertsonlaw.org<br><br>*Attorneys for Defendants*,<br>Select Portfolio Servicing, Inc. and Deutsche Bank National Trust Company, as Trustee, in Trust for Registered Holders of Long Beach Mortgage Loan Trust 2006-11 Asset-Backed Certificates, Series 2006-11 |

Julie Corriveau, Esq.
McCARTHY & HOLTHUS, LLP
1770 Fourth Avenue
San Diego, California 92101
Telephone: (619) 685-4800
Fax:          (619) 685-4811

Email: jcorriveau@ mccarthyholthus.com

*Attorneys for Defendant*,
James E. Albertelli, PA dba ALAW

LAW OFFICES OF TIMOTHY L. MCCANDLESS
22875 Calle Hermosa, Suite A
Capistrano Beach, California 92624
Telephone (925) 957-9797 / (949) 388-7779
Facsimile (925) 957-9799

☒ (State)          I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal)      I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on November 22nd, 2016, at Corona, Riverside County, California.

/s/ *Madalyn Navarro*_____
Madalyn Navarro